ANN M. CONTI ET AL. *v.* JAMES M. MURPHY
(8809)

SPALLONE, O'CONNELL and CRETELLA, Js.

Argued June 14—decision released September 11, 1990

*Franklin Melzer,* for the appellant (defendant).

*Saul Kwartin,* for the appellees (plaintiffs).

CRETELLA, J. In this action for partition, the defendant appeals from the dismissal of his counterclaim. The proceedings from which this case arises are more fully expounded in *Murphy's Appeal from Probate,* 22 Conn. App. 490, 578 A.2d 661 (1990).

The following facts are essential. The parties are the six children of Katherine B. Murphy, deceased. The

defendant, a son of the decedent, was a coexecutor of his late mother's will until he was removed by the Probate Court. Under the will, any of the children had a right to purchase the former family residence by offering a price equivalent to the property's appraised value.

The remaining executors of the estate submitted a final accounting, which was accepted by the Probate Court over the defendant's objection. The defendant's objection was that the remaining five heirs had conspired with the corporate executor, Connecticut Bank and Trust Company, to prevent him from purchasing the property from the estate. The defendant appealed to the trial court seeking to prevent a distribution of the assets of the estate according to that final accounting. That appeal is still pending.

The Probate Court entered an order of distribution that included a certificate of devise granting to each of the six children of the decedent a one-sixth interest in the property at issue. That certificate was recorded and, thereafter, the plaintiffs, who are the five remaining children, brought this action for partition and sale of the property. To this action, the defendant asserted two special defenses and a counterclaim that alleged among other things that the corporate executor, who is not a party to the partition action, and the five plaintiffs herein fraudulently conspired to prevent him from purchasing the property.

The plaintiffs moved to dismiss the special defenses and the counterclaim, alleging as the sole ground lack of subject matter jurisdiction, and submitted a memorandum of law with the motion. The trial court ruled that the special defenses could stand but dismissed the counterclaim. In its memorandum of decision, the court found that "subject matter jurisdiction . . . is precluded by the prior pending action rule." The plaintiffs'

supporting memorandum of law did not raise the prior pending action doctrine but, rather, argued that the defendant was making a collateral attack on the Probate Court ruling.

The trial court agreed with the plaintiffs that it lacked subject matter jurisdiction over the counterclaim because the counterclaim was a collateral attack on a decree of the Probate Court. The court should not have dismissed the counterclaim on that basis, however, because General Statutes § 45-9 provides that a final decree of the Probate Court does not prevent the Superior Court from making inquiry into allegations of fraud.[1] *Miller* v. *McNamara,* 135 Conn. 489, 493–97, 66 A.2d 359 (1949).

The defendant argues that the plaintiffs' motion to dismiss the counterclaim was improper and that the proper motion should have been a motion to strike. This is not so. Whether the ground for abatement is lack of subject matter jurisdiction or a prior pending action, Practice Book § 143 applies. *Halpern* v. *Board of Education,* 196 Conn. 647, 652, 495 A.2d 264 (1985). Although Practice Book § 143 does not specifically set forth that the motion to dismiss shall be used to assert as a ground for abatement the existence of a prior pending action, we have considered that claim on a motion to dismiss even when there is subject matter jurisdiction. *Halpern* v. *Board of Education,* supra; *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn.

---

[1] "[General Statutes] Sec. 45-9. VALIDITY OF ORDERS, JUDGMENTS AND DECREES. Every order, judgment or decree of a court of probate made by a judge who is qualified shall be valid unless an appeal is taken as hereinafter specified. All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, *except for fraud.*" (Emphasis added.)

108, 111–12, 438 A.2d 834 (1981). The defendant further argues that even if a motion to dismiss was proper, the court should not have based its ruling on the prior pending action rule since the issue was not raised by the plaintiffs.

Although a court can dismiss a case at any time for lack of subject matter jurisdiction; *Park City Hospital* v. *Commission on Hospitals & Health Care,* 210 Conn. 697, 702, 556 A.2d 602 (1989); not all jurisdictional claims can be raised at any time by the court or the parties. *Bridgeport* v. *Debek,* 22 Conn. App. 517, 578 A.2d 150 (1990). It does not have the right to raise, sua sponte, the prior pending action rule when the moving party has not done so. To do so would preclude the opposing party from any opportunity to argue that the doctrine does not apply.

Ordinarily, the trial court's action would require that we reverse and reinstate the counterclaim. In anticipation of the plaintiffs' asserting a new motion to dismiss on the basis of the prior pending action doctrine, however, we will review the issue at this time.

The prior pending action doctrine applies equally to claims and counterclaims. *Northern Homes Distributors, Inc.* v. *Grosch,* 22 Conn. App. 93, 96, 575 A.2d 711 (1990). The rule states " 'that when two separate lawsuits are "virtually alike" the second action is amenable to dismissal by the court.' " *Halpern* v. *Board of Education,* supra, 652; *BCBS Goshen Realty, Inc.* v. *Planning & Zoning Commission,* 22 Conn. App. 407, 577 A.2d 1101 (1990). The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues; see *Fishman* v. *Middlesex Mutual Assurance Co.,* 4 Conn. App. 339, 347–48, 494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57

(1985); or where there is not a strict identity of the parties. *Burns* v. *Grubbs Construction, Inc.,* 174 So. 2d 476, 478 (Fla. App. 1965).

The defendant's appeal from the acceptance of the final accounting and his counterclaim in the plaintiffs' action for partition, although both contain allegations of fraud, are not virtually alike in that the parties are not identical and the remedies sought are different. The defendant's appeal from the acceptance of the final accounting is an appeal from actions of the Probate Court, whereas the counterclaim in the action for partition involves the siblings of the defendant. Also, the defendant's appeal from the acceptance of the final accounting was for the purpose of preventing a distribution of the estate according to its terms, whereas in his counterclaim to the partition action the defendant seeks not only to prevent such distribution but also to recover money damages which he could not receive in the probate appeal. In short, since there was a valid reason for bringing the counterclaim, we do not find it to be vexatious or oppressive, and the prior pending action rule does not apply. *Fishman* v. *Middlesex Mutual Assurance Co.,* supra, 348, citing *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 473 A.2d 318 (1984).

The judgment is reversed and the case is remanded with direction to reinstate the defendant's counterclaim and to proceed according to law.

In this opinion the other judges concurred.