[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to dismiss is the proper vehicle for asserting the prior pending action doctrine. The prior pending doctrine, however, does not implicate the subject matter jurisdiction of the court as the defendants suggest. Henry F. Raab Connecticut Inc. v. J.W. Fisher Co., 183 Conn. 108, 111-12, 438 A.2d 834 (1981). See also Halpern v. Board of Education, 196 Conn. 647, 652 n. 4,495 A.2d 264 (1985); Conti v. Murphy, 23 Conn. App. 174, 177,579 A.2d 576 (1990). In Halpern, the court explains the doctrine:
 The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. (Citations and internal quotations omitted.)
Halpern v. Board of Education, supra, 652-53. "The policy behind the [doctrine] is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoin v. Town Oil Co., 207 Conn. 575, 588, 542 A.2d 1124 (1988).
Although at the time defendants moved to dismiss this action I there were two identical actions against said defendants, at the i present time there is only one action between the parties. Thus, the prior pending action is no longer applicable and defendants' motion to dismiss is denied.
SYLVESTER, J.