[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, First Fidelity Bank commenced this action by writ, summons and complaint on January 26, 1993, against the defendants Manuel and Beatriz Kohn. The complaint consists of five counts. The first count alleges a breach of a settlement agreement of March 3, 1992, by the defendant Manuel Kohn. The second, third and fourth counts allege a fraudulent conveyance by the defendant Manuel Kohn, of his interest in certain real property located in the State of Connecticut to defendant Beatriz Kohn. The fifth count alleges that defendant Beatriz Kohn assisted in the fraudulent conveyance.
On February 9, 1993 the defendants filed a motion to dismiss the action and attached thereto a supporting memorandum. On March 25, 1993, the plaintiff objected to the motion to dismiss and attached thereto a supporting memorandum of law. The motion was argued at short calendar on March 29, 1993.
In its motion to dismiss the defendants contend that the court lacks jurisdiction under the "prior pending action" doctrine because of a prior pending action in New York State. The defendants also argue that Connecticut is an inappropriate forum and that New York would be better suited to determine the issues in this law suit. CT Page 3144
The plaintiff, on the other hand argues that the pendency of an action in New York, another jurisdiction, is not grounds for abatement of this action in Connecticut and that the plaintiff's chosen forum in Connecticut is appropriate and fair.
The motion to dismiss is provided for in Practice Book Sections 142-146 and is the proper means by which to raise the prior pending action doctrine, even where the court has otherwise found subject matter jurisdiction. Conti v. Murphy, 23 Conn. App. 174,177, 579 A.2d 576 (1990). While not a rule "of unbending rigor, nor of universal application, nor a principle of absolute law," it is a rule of "justice and equity" to eliminate unnecessary and vexatious litigation. Beaudoin v. Town Oil Company, Inc.,207 Conn. 575, 583-84, 542 A.2d 1124 (1988).
When two suits involve the same parties and the same subject matter in the same jurisdiction, the second suit must generally yield to the prior suit even if the relief requested in the two suits is not identical. Gaudio v. Gaudio, 23 Conn. App. 287, 295-96,580 A.2d 1212 (1990).
The case at bar involves the same parties but not the same subject matter. This case was commenced in Connecticut concerning a Connecticut property conveyance whereas the prior pending action commenced in New York concerns a New York property conveyance. In addition, New York and Connecticut are different jurisdictions. Since the two suits must involve the same parties and the same subject matter in the same jurisdiction, the prior pending action doctrine is not applicable in the case at bar. Therefore the defendants motion to dismiss on this ground is denied.
The defendant next argues that Connecticut is an inappropriate forum and that New York would be better suited to determine the issues in this law suit.
The motion to dismiss may be used to raise the doctrine of "forum non conveniens." Brown v. Jewett, 4 CSCR 611, 612 (July 11, 1989, O'Connell, J.). The common law principle of forum non conveniens provides that a court "may resist imposition upon its jurisdiction even when it has jurisdiction. Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311, 314 (1989) citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947). The doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice. Union Carbide Corp. v. Aetna Casualty Surety CT Page 3145 Co., supra, 319 citing Koster v. Lumbermans Casualty Co., 330 U.S. 518,527 (1947), and the court must weigh the competing private and public considerations in determining whether dismissal for forum non conveniens is warranted. Id.
The court does not have unbridled discretion to dismiss cases from a plaintiff's chosen forum simply because it may view another forum as superior to that chosen by the plaintiff but must focus on whether the plaintiff's chosen forum is itself inappropriate or unfair because of the various public and private interests and considerations involved. Picketts v. International Playtex, Inc.,215 Conn. 490, 501, 576 A.2d 518 (1990).
Where the plaintiff is foreign to the chosen forum, the court should exercise a diminished deference for the plaintiff's choice of forum. Picketts v. International Playtex, Inc., supra, 502. However, the defendant challenging the propriety of the plaintiff's choice continues to bear the burden to demonstrate why the presumption in favor of the plaintiff's choice, weakened though it may be, should be disturbed. Id.
The defendants have presented three uncompelling reasons why the plaintiff should be denied its chosen forum. First, the defendants contend that there is no remedy available in Connecticut that cannot be awarded in New York. However, the New York action involves a fraudulent conveyance of New York property, which will involve the interpretation of New York law, whereas this action involves the fraudulent conveyance of Connecticut property which will involve the interpretation of Connecticut law. It is obvious that it is advantageous of having a court familiar with the law of the state which is going to be applied determine the merits of the controversy. In addition, it should also be noted that the property at issue is located in Connecticut and the defendants are Connecticut residents.
Second, the defendants' contend that the only purpose for bringing the Connecticut action is to drain the defendants resources. There is no question that an alternate forum exists with regard to count one of the plaintiff's complaint, however, there is no prohibition of commencing a cause of action in more than one jurisdiction in an attempt to satisfy a judgment. Moreover, as discussed above, Connecticut law will be applied, the property in question is located in Connecticut and the defendants are residents of Connecticut. CT Page 3146
Lastly, the defendants argue that New Jersey law will be applied regarding the March 3, 1992 settlement agreement and that the state courts of New York are better suited to apply New Jersey law. This argument lacks merit. Connecticut is part of the tri-state area and thus, both Connecticut and New York are equally familiar with New Jersey law.
In sum, the court finds that honoring the forum chosen by the plaintiff will not inflict unwarranted burdens on the defendants and on the courts of Connecticut. The defendants have presented no convincing reasons why the presumption in favor of the plaintiff's choice of forum should be disturbed. Accordingly, the motion to dismiss on the grounds of forum non conveniens is denied.
McDONALD, J.