[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this summary process action involving premises for commercial use, the defendant moves to dismiss under the doctrine of prior pending action.
The plaintiff served a Notice to Quit on November 1, 1994 and initiated suit in the first action, Doc. No. 9411-78725, on November 10, 1994. That action was withdrawn on February 6, 1995. On February 2, 1995, this action was initiated by service on the defendant, and on February 6, 1995 it was returned to court.[1]
The defendant claims that because the prior action was pending at the time this action was served on the defendant, this action should be dismissed as "void ab initio".
A motion to dismiss is the proper vehicle to raise a claim of prior pending action. Halpern v. Board of Education, 196 Conn. 647,652, note 4 (1985). However, the issue is not one of subject matter jurisdiction. Henry F. Raab Connecticut, Inc. v. J.W.Fisher Co., 183 Conn. 108, 111-112 (1983); see also Conti v.Murphy, 23 Conn. App. 174, 177, 178 (1990) ("[A court] does not have the right to raise, sua sponte, the prior pending action rule when the moving party has not done so.").
The Halpern court reiterated the prior pending action doctrine as follows:
 The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious.
196 Conn. at 652 [Citations omitted].
The two actions here are virtually identical. The first action was pending when this action was initiated but was withdrawn the day this action was returned to court. As theHalpern court further noted, "[t]he rule forbidding the second action is not one, however, `of unbending rigor, nor of universal application, nor a principle of absolute law. . .'" 196 Conn. at CT Page 2547-J 653 [citations omitted]. Since there was only one action pending upon the filing of this action, the purpose behind the doctrine to eliminate "oppressive and vexatious" duplicative litigation would not be served by a dismissal of the second action. In addition, the court adopts the reasoning of Judge Aronson inColon v. Bermudez, H-440 (1983) and the court in Gauchin v. RoundHill Dairy, Inc., 3 Conn. Sup. 14 (1935).
For the above reasons, the Motion to Dismiss is denied.
/s/ Alexandra Davis DiPentima, Judge ------------------------------------ ALEXANDRA DAVIS DIPENTIMA, JUDGE