[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These consolidated actions involve an application for temporary custody and the removal of guardianship for a minor child, Michael E. Kennedy, Jr., pursuant to General Statutes § 45a-610. The Kennedy v. Adams action involves the actual application for removal of guardianship, which was originally filed on August 3, 1993 in the Naugatuck Probate Court. On May 26, 1994, the application was transferred pursuant to ConnecticutPublic Acts, No. 93-344[1] to the superior court by motion of Michael's attorney. The Kennedy v. Kennedy action involves an appeal from one of the probate court's orders with respect to visitation. The probate appeal was consolidated with the present case on August 4, 1994.
Jacqueline Adams, the maternal grandmother, has filed a motion to dismiss both actions based on the prior pending action doctrine.
These cases involve the custody of Michael Kennedy Jr. ("Michael"), who is son of the defendants Michelle Adams ("mother") and Michael Kennedy Sr. ("father"). The petitioner is Michael's paternal grandmother, Alice Kennedy. The maternal grandmother, Jacqueline Adams, filed an appearance in the probate proceeding and in the superior court proceeding on the removal application.
The facts pertinent to the present motion to dismiss are as follows:
Michael was born out of wedlock and the parents never married. On June 2, 1993, the mother applied for and was granted a ninety (90) day ex parte restraining order pursuant to General Statutes § 46b-15 (application for relief from abuse). CT Page 5676 The restraining order prohibited the father from entering the couple's apartment and gave the mother sole custody of Michael, while allowing the father visitation rights limited to Sundays.
On August 3, 1993, Michael's paternal grandmother filed the present application for the removal of guardianship in the Naugatuck Probate Court. The application sought to remove the parents as Michael's guardians, sought to appoint the Mrs. Kennedy as the legal guardian, and sought temporary custody of Michael. Mrs. Kennedy alleged that the parents had left Michael, an infant, unattended on several occasions, that the father admitted to Mrs. Kennedy that the parents had smoked "crack" cocaine in their apartment while Michael was present, and that Michael was being denied the care, guidance or control necessary for physical, educational, moral or emotional well being as defined by law. The father consents to the removal of guardianship. In addition, Mrs. Kennedy represented that although there was another proceeding in another court affecting the custody of Michael (evidently referring to the mother's application for relief from abuse), the decree of the probate court would not interfere with the other proceeding.
The Probate Court, Judge Clifford D. Hoyle, granted temporary custody of Michael to Mrs. Kennedy, and provided the mother and father with supervised visitation rights. The mother and father were also ordered to undergo drug treatment and "parenting" classes. The maternal grandmother successfully sought a modification of the custody order that provided her with visitation rights. Mrs. Kennedy filed the subject probate appeal, Kennedy v. Kennedy, from the probate court's order providing the maternal grandmother with visitation rights. The probate court proceeding on the application for termination of guardianship was transferred to the superior court before the probate court addressed the issue of guardianship.
Following the transfer to the superior court, the maternal grandmother moved to dismiss both the probate appeal and the guardianship applications on the ground that the temporary restraining order filed by Michael's mother against his father constitutes a prior pending action which deprived this court and the probate court of jurisdiction to hear the application for the removal of guardianship.
"Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not CT Page 5677 truly implicate subject matter jurisdiction. Halpern v. Boardof Education, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985)."Gaudio v. Gaudio, 23 Conn. App. 287, 294, 580 A.2d 1212 (1990).
 Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal. Halpern v. Board of Education, supra, 652; Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834
(1981); Hatch v. Spofford, 22 Conn. 485, 494 (1853). When two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious. Halpern v. Board of Education, supra; Hatch v. Spofford, supra. To determine the applicability of the doctrine, we must examine the pleadings to ascertain whether the actions are virtually alike. Halpern v. Board of Education, supra, 653.
Gaudio v. Gaudio, supra, 23 Conn. App. 296. The prior pending doctrine "does not apply, however, when the two actions are for different purposes or ends or involve different issues[,] . . . or where there is not a strict identity of the parties." (Citations omitted.) Conti v. Murphy, 23 Conn. App. 174, 178,579 A.2d 576 (1990).
The maternal grandmother argues in support of the motion to dismiss that the application for relief from abuse (a copy of which is attached to the defendant's motion) constitutes a prior pending action depriving the superior court and the probate court of subject matter jurisdiction over the guardianship application because both actions seek the same end, i.e., "the removal of [Michael] from the custody of a legal guardian." (Defendant's memorandum in support of the motion to dismiss, p. 6.) The court does not find her argument to be persuasive on several grounds.
First, as noted above, the prior pending action does not implicate subject matter jurisdiction, but rather is a rule of judicial economy. Gaudio v. Gaudio, supra, 23 Conn. App. 296. Secondly, assuming for the purpose of argument that an application for an ex parte temporary restraining order is an "action" for the purposes of the prior pending action doctrine, the issue therefore is whether the two actions are "virtually alike," in that they have the same purpose or ends, involve the same issues CT Page 5678 and have strict identity of the parties. Conti v. Murphy,
supra, 23 Conn. App. 178.
The purpose of the order for relief from abuse obtained under General Statutes § 46b-15 is to protect the applicant and any minor child from violence or abuse at the hands of a family member. General Statutes § 46b-15 (a) and (b). The granting of custody of a minor child to the applicant as provided by § 46b-15, therefore, furthers this purpose. The purpose of an application for the removal of guardianship, however, is to remove a person as a guardian of a minor child, based on a finding that the child has been denied the care, guidance or control necessary for his or her physical, educational moral or emotional well being. See General Statutes § 45a-610 (b).
In the present case, the purpose and ends sought by the two applications are disparate; the mother's TRO sought to remove the father from the household; the paternal grandmother's application sought custody from the mother and sought to terminate the parents' guardianship over Michael. Although the court (Harrigan, J.) gave custody of Michael to the mother as a condition of the application for relief from abuse, the issue of the adequacy of the parents' guardianship over Michael was not addressed. Although both applications sought to remove Michael from the father's custody, the present action has the additional purposes of terminating the mother's custody of Michael and the parents' guardianship over Michael. In addition, the two actions do not have the "strict identity" of parties because the paternal and maternal grandmothers were not parties to the earlier proceeding.
Finally, because the order for relief from abuse expired by operation of law 90 days after it was issued, see General Statutes § 46b-15 (d), and there is no allegation or evidence submitted in support of the motion to dismiss demonstrating that the order was extended, the application for relief from abuse is not a "pending" action for the purposes of the prior pending action doctrine. Halpern v. Board of Education, supra,196 Conn. 652 (pendency of prior suit between same parties subjects latter suit to dismissal).
The prior application for relief from abuse was not "virtually alike" the current action to satisfy the requirements of the prior pending action doctrine and, therefore, the doctrine has no application in the present case. Accordingly, CT Page 5679 the maternal grandmother's motion to dismiss is denied.
The parties have been cooperative with family services and mediated a temporary visitation plan on behalf of the minor child. The court is now in the position to access services for the child to encourage positive adult involvement in the life of this child. The parties can and should utilize the involvement in that court process to enhance their transition from crisis to achieve some normalcy for the child. The court will continue to assist the adult parties in recognizing the rights of this child to an open, loving and safe relationship with the significant adults in his young life.
DRANGINIS, J.