[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of an agreement by the defendant, Thomas K. Barber, to purchase real property from the plaintiffs, Robert D. and Linda S. Jacobs, which was contingent upon Barber receiving a loan commitment secured by a mortgage before July 21, 1994. On February 21, 1995, the plaintiffs filed an eight count complaint CT Page 7086 alleging tortious interference, negligence, and violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA), against the defendant, The Putnam Trust Company (Putnam Trust). The plaintiffs also allege breach of contract, breach of the covenant of good faith and fair dealing, CUTPA, and fraud against defendant Barber. The facts as alleged in the complaint are as follows. In early July, 1994, Putnam Trust informed Barber that the loan application filed by Barber and his wife had been approved. Before July 20, 1994, Barber informed Putnam Trust that there were possible inland/wetland violations on the property and that there was no certificate of occupancy for the pool. Putnam Trust then asked the Barbers to provide an analysis of the costs of remediation. On July 18, 1994, the Barbers informed Putnam Trust that they were not going to furnish the information and asked that Putnam Trust reconsider their application for a mortgage. On July 21, 1994, Putnam denied the application and the Barbers informed the plaintiff that they were unable to procure a loan for the purchase of the property and requested that their deposit be returned. On that same day, the Barbers visited property owned by Frank and Kathie Lee Gifford, for the purpose of negotiating the purchase of their property. Putnam then loaned the Barbers the funds necessary to purchase the Giffords' property.
Barber filed a motion (#101) to dismiss the action on the ground of the existence of a prior pending action in Barber v.Jacobs, Docket No. CV94 140249. This is an interpleader action for the return of the deposit on the Jacobs property held in escrow by Irwin K. Liu, Esq.
"It has long been the rule that when two separate lawsuits are virtually alike the second action is amendable to dismissal by the court. . . . The prior pending action doctrine has evolved as a rule of justice and equity . . . and retains its vitality in this state, in which joinder of claims and of remedies is permissive rather than mandatory. . . . The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law. . . . We must CT Page 7087 examine the pleadings to ascertain whether the actions are virtually alike." Halpern v. Board of Education, 196 Conn. 647,652, 495 A.2d 264 (1985). (Citations omitted; internal quotation marks omitted.)
Barber maintains that the two suits are virtually alike in that they arose out of the purchase of the Jacobs' property, and that the Jacobs have filed a counterclaim in breach of contract against Barber in the interpleader action. The plaintiffs contend that an interpleader action is limited to the funds that are the subject of the action, and that the damages claimed in this action are in excess of the deposit.
General Statutes § 52-484, which governs interpleader actions, "limits the total damages in an interpleader action to the amount of the fund in controversy . . . ." Loda v. H.K. Sargeant Associates, Inc., 188 Conn. 69, 84, 448 A.2d 812 (1982). The plaintiffs in this action have asserted claims which, if proven, may result in damages in excess of the deposit which is the subject of the interpleader action. The plaintiffs have also alleged a cause of action in CUTPA which provides for punitive damages. Furthermore, the plaintiffs have alleged three counts against Putnam, which is not a party to the interpleader action, and the prior pending action rules does not apply "when the two actions are for different purposes or ends or involve different issues . . . or where there is not a strict identity of the parties." Conti v.Murphy, 23 Conn. App. 174, 178-79, 579 A.2d 576 (1990). Although Barber argues that the addition of Putnam Trust as a party is a superficial difference, the plaintiffs have alleged issues different from those that are to be determined in the interpleader action. Accordingly, Barber's motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut this 14th day of June, 1995.
WILLIAM BURKE LEWIS, JUDGE