[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Commissioner of Social Services ("State") appeals the dismissal of this support petition by the family support magistrate. The Commissioner claims that the magistrate erred when he found there was no jurisdiction. This appeal is brought pursuant to C.G.S. § 46b-231 (n) which entitles an aggrieved party to judicial review of a magistrate's final decision.
The court has reviewed the record and transcript of the proceeding. No additional evidence has been submitted. The court has received a written brief from the State. C.G.S. § 46b-231
(n)(6). The State claims that the magistrate's decision is incorrect in law and clearly erroneous in view of the record.[1]
The record reveals the following facts. Alice F. Crowell is the mother of Ermelindo Morales who was born on June 25, 1982. According to the petition, the state was providing child support services in the form of AFDC for Ermelindo. The petition seeks an order against Alice F. Crowell for payment of support to the State for disbursement to the child's custodian and the State, as their interests may appear. There are two other almost identical petitions seeking the same orders for the same child, namelyCommissioner of Social Services (Carmen Papotto) v. Alice Crowell
(Doc. No. (970256772) and Commissioner of Social Services (AliceC. Crowell) v. Alice F. Crowell (Doc. No. 970256773). The defendant Alice F. Crowell filed a pro se appearance and appeared for the hearing before the magistrate on April 2, 1997. CT Page 9205
At the hearing, although requested by the State, the magistrate took no testimony but inquired of the affiant on the petition, Karen Main, as to the reason for three separate petitions for one child. Ms. Main replied, "[t]he child Ermelinda Morales at various times resided with different custodial parents, relatives of Ms. Alice F. Crowell, mother of the child." After hearing that, the magistrate issued the following order:
 The three petitions before the court are hereby dismissed. If there is another custodial parent around someplace then you implead them into the perfectly good file that you already have. If there is a claim against Ms. Crowell, then you file the appropriate pleading to raise a claim against Ms. Crowell in that case and cite her in and implead anybody else that's involved presuming that you have some legal nexus to do so. And, I will be more than happy to hear it. That is whether it's past or present.
After a short exchange with the attorney for the state the magistrate went on to say,
 No, I don't want four files for the same kid. I want one file. You've got a file with the father, correct? Yes?
Once that was confirmed by Ms. Main, the magistrate concluded:
 Fine. Use that file. These files are dismissed on the basis that there is a prior pending action that encompasses the appropriate issues.
(Transcript 4/2/97 p. 4)
Specifically, the State argues that the magistrate erred by dismissing this petition as legally insufficient. The primary focus of the State's brief is on the right of the Commissioner or the State of Connecticut to bring a support petition on its own behalf. The State also argues that the State should not be forced to "implead itself into a paternity judgment filed under Conn. Gen. Stat. § 46b-160." (State's brief p. 3).
The court finds that the State is an aggrieved party. Notwithstanding the States explanation of the magistrate's actions, the magistrate explicitly stated the basis of his decision to be that, since a file exists as to the father, the petition should be dismissed under the prior pending action doctrine. In Conti v. Murphy, 23 Conn. App. 174, 178 (1990), the Court noted that a court could not raise the doctrine of pending CT Page 9206 prior action sua sponte to dismiss an action. For that reason, as well as the fact that the "father" of the existing file is not a party to this file so that the doctrine does not apply,[2] the court finds the magistrate's decision dismissing this action under the prior pending action doctrine erroneous. While there is some discussion by the magistrate about the "legal sufficiency" of the support petition, it does not appear to be the basis of his ruling. Accordingly, this court does not address that issue, but notes that in State of Connecticut v. Ramon Arroyo, Doc. No. FA950050557S, Judicial District of Windham, Memorandum of Decision, April 16, 1996, the court (Martin, J.) has decided this issue in a manner with which this court agrees.
The appeal is sustained. The case is remanded to the magistrate's docket for trial.
DIPENTIMA, J.