[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO DISMISS (DOCKET ENTRY NO. 104)
The plaintiff, Breakwater Key Association, Inc., filed a forty-six count amended complaint dated August 6, 1997, against the defendant, Long Island Sound Development Company, Inc. The plaintiff alleges that the defendant is the owner of forty-six dock slips located at Breakwater Key Condominiums in Stratford, Connecticut. The plaintiff alleges that pursuant to General Statutes § 47-258,[1] it has a statutory lien on each dock "for common charges and assessments and its attorneys fees and costs incurred in the collection of the charges and assessments, levied against the unit owner from the time of the assessments becoming delinquent." The plaintiff further alleges that the defendant has defaulted in the payment of the charges and assessments for the months of April, May, June and July of 1997, and that the defendant is the record owner and in possession of the docks.
On August 11, 1997, the defendant filed a motion to dismiss on the ground that the plaintiff has already brought two actions involving the same property and the defendant under § 47-258. The plaintiff filed an opposition memorandum on September 3, 1997. The court heard oral argument on September 22, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be CT Page 10092 heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper devise by which to request that the trial court dismiss the second action." (Citations omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed." Labbe v. PensionCommission, 229 Conn. 801, 816, 643 A.2d 1268 (1994).[2]
The defendant argues that there are prior pending actions[3] between the plaintiff and the defendant, and that the plaintiff is precluded from bringing the present action, because of the prior actions and because of the application of the principle of collateral estoppel. The defendant argues that because the present action is identical to the prior pending actions, collateral estoppel serves to estop the relitigation by the parties of any right, fact or legal matter which has been put in issue and which the parties have had a chance to litigate.
The plaintiff argues that the present action has been brought to foreclose its lien for unpaid common charges and assessments against the defendant as present owner, and that neither of the defendants involved in the prior foreclosure cases are parties to the present action. The plaintiff argues that collateral estoppel does not bar the present foreclosure action, because it has never had an opportunity to litigate a claim for unpaid condominium common charges and assessments against the defendant, and it has not previously filed a claim for unpaid common charges for the months of April, May, June and July of 1997.
The prior pending action doctrine states "that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Conti v. Murphy, 23 Conn. App. 174, 178, 579 A.2d 576
(1990). "The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues . . . or where there is not a strict identity of the parties. (Citations omitted.) Id., 178-79. CT Page 10093
Clearly, the present action and the prior pending actions are not virtually alike, in that the present suit has been brought by the plaintiff to recover unpaid common charges and assessments that have accrued in 1997, subsequent to the charges sued upon in 1995 in the two prior pending actions. Moreover, there is no strict identity of parties between this suit and the prior pending actions. The defendant became the owner of the subject docks in 1997, and thus could not have been a party to the two 1995 suits. Therefore, the plaintiff's present action should not be dismissed based on the prior pending case doctrine.
"[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." Mazziotti v. Allstate Ins.Co., 240 Conn. 799, 812, ___ A.2d ___ (1997). "[T]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.) Id.[4]
Even if the court were to entertain the defendant's argument based on collateral estoppel within the context of a motion to dismiss, the defendant's argument must fail.[5] Again, the present action is brought by the plaintiff in an attempt to collect common charges and assessments which accrued subsequent to those sued upon in the prior cases. Further, there is no evidence showing that the present defendant was in such a relationship with the defendants in the prior pending actions that it can be said that the present defendant was in privity with those former defendants. Therefore, because the plaintiff was not afforded an opportunity to litigate the issue of outstanding common charges and assessments from April to July of 1997 with the defendant in the prior pending actions, the doctrine of collateral estoppel does not apply to the plaintiff's present claim.
Accordingly, the defendant's the motion to dismiss is denied.
WEST, J.