[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS (#102)
A.
The doctrine of prior pending action only applies where there is a strict identity of the parties in both actions. Conti v.Murphy, 23 Conn. App. 174, 178 (1990). Though on November 7, 1995 Vasquez and Emils Corporation were ordered to be made parties defendant in the prior action, the court never gained personal jurisdiction over them because of defective service. Consequently, they are not now parties in the prior action and therefore the doctrine does not apply.
B.
1) The plaintiff's counsel has represented to the court that he received no notice of the December 12, 1995 date ordered by the court as the service date for Vasquez and Emils Corporation. CT Page 5562 The court finds that the plaintiff's failure to file the second amended complaint within the time ordered by the court (Hauser, J.) was due to mistake, inadvertence or excusable neglect.Ruddock v. Burrowes, 243 Conn. 569, 576 (1998). Moreover, the failure to comply with the action dates contained in Judge Hauser's order was a failure in a matter of form. Ruddock v.Burrowes, supra. Therefore the plaintiff may avail herself of the accidental failure of suit statute, § 52-592.
2) The defendant's argument that § 52-592 does not apply because the cause of action in this suit differs from the cause of action in the prior suit is without merit. This argument depends for its validity on the defendant's understanding of the purpose for which these defendants were ordered to be made parties. In her opposition to Greyhound's motion to cite in Vasquez and Emils Corporation, the plaintiff requested in the alternative that they be cited in for all purposes. The order of the court did not limit these defendants' participation in the case to apportionment purposes only. On the contrary, the order was broadly framed so as to make them full parties defendant.
Furthermore, it is noted that a comparison of the seventh count of the second and third amended complaints in the prior action to the first count of the present complaint in this action reveals no material difference.
Finally, the fact that the court never had jurisdiction over Vasquez and Emils Corporation in the prior action does not prevent application of the statute. An action commenced by invalid service of process is an action within the meaning of § 52-592. Isaac v. Mount Sinai Hospital, 210 Conn. 721,730-31 (1989).
For the foregoing reasons the Motion to Dismiss is denied.[1]
MOTTOLESE, JUDGE