[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS (#102)
On March 4, 1998, the plaintiff, Edward Casella, filed this two-count complaint which alleges negligence and misrepresentation against the defendant, Thomas Foster, in his capacity as an officer of Heritage Bank. The complaint arose out of activities related to two loans from Heritage Bank to the plaintiff. The plaintiff alleges the following facts. The plaintiff obtained a loan from Heritage Bank for $50,000 on CT Page 10782 September 27, 1991. (Complaint, Count One, ¶ 3.) The plaintiff secured this first loan with the assets of Video World of Town Plot, a video store that the plaintiff owned. (Complaint, Count One, ¶ 4.) Next, the plaintiff obtained a second loan, for $100,000, from Heritage Bank in his capacity as the president of J E Video, Inc. (Complaint, Count One, ¶ 5.) The plaintiff used part of the proceeds of the second loan to pay off the first loan. (Complaint, Count One, ¶ 6, Exhibit A.) On March 7, 1996, due to default on the second loan, the defendant authorized the seizure of all the assets of the Video World store by some employees and/or agents of Heritage Bank. (Complaint, Count One, ¶ 10, Exhibit C.) The plaintiff alleges that Heritage Bank's seizure of the store was done without a court order. (Complaint, Count One, ¶ 11.) Furthermore, after seizing possession of the Video World store, the plaintiff alleges that Heritage Bank then attempted to operate the video store with the assistance of the former Video World employees. (Complaint, Count One, ¶ 12.) The plaintiff alleges in count one that Heritage Bank's acts of seizure and possession of Video World were illegal, wrongful, and amounted to negligence. (Complaint, Count One, ¶¶ 15 16.) Under count two, the plaintiff alleges that Heritage Bank's actions amounted to misrepresentation, because through the loan agreements and other correspondence, Heritage Bank agreed that it would conduct itself in accordance with the customs and standards of general banking practice and the law. (Complaint, Count Two, ¶ 19.) The plaintiff has submitted a letter signed by Thomas Foster which authorized the repossession activities taken by the bank. (Plaintiff's Memorandum in Opposition, Exhibit D.)
The defendant has now filed a motion to dismiss on the grounds of lack of subject jurisdiction and insufficiency of process. The plaintiff filed a memorandum in opposition on May 20, 1998.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). CT Page 10783
The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1985). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Id., 652 n. 4.
The defendant argues that the plaintiff has filed a prior lawsuit, Casella v. Heritage Bank, Docket No. CV-96-0385977S, still pending before this court in which Thomas Foster is named as a co-defendant. The defendant maintains that the prior pending action doctrine applies and this present suit is subject to dismissal. Furthermore, the defendant argues that he no longer works for Heritage Bank and the inconsistent allegations warrant a dismissal for lack of jurisdiction. In opposition, the plaintiff asserts that all claims alleged against the defendant have been withdrawn in the prior action.
"The [prior pending action doctrine] does not apply, however, when the two actions are for different purposes or ends or involve different issues; . . . or where there is not a strict identity of the parties. . . ." (Citations omitted.) Conti v.Murphy, 23 Conn. App. 174, 178-79, 579 A.2d 576 (1990). "For the prior pending action doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same parties and the same issues. . . . The rule does not apply . . . when the two actions are for different purposes or ends or involve different issues; or where there is not a strict identity of the parties." (Citations omitted; internal quotations omitted.) Connecticut Housing Finance Authority v. Tobin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302899 (April 13, 1994, Moran, J.) (9 C.S.C.R. 525, 526).
The defendant attempts to use the prior pending action doctrine to support his motion for dismissal, however the circumstances in this case fail to meet the requirements of the prior pending action doctrine; specifically, there is a lack of identity of parties between the actions at issue. In his opposing memorandum, the plaintiff has attached a copy of the withdrawal of his action against the defendant, Thomas Foster, in the prior action in question. The plaintiff filed the withdrawal on March CT Page 10784 30, 1998, prior to the filing of this motion to dismiss, which was filed on April 20, 1998.
General Statutes § 52-80[1] allows a plaintiff to withdraw his action before a hearing on the merits. Sicarus v.City of Hartford, 44 Conn. App. 771, 775-76, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). The fact that the plaintiff did not withdraw the action against Thomas Foster in the 1996 case until after filing the complaint in the present case does not effect the court's jurisdiction. Several superior courts have consistently held that the pendency of a first action at the time of filing a second action does not warrant the dismissal of the second action where the plaintiff withdraws the first action prior to a motion to dismiss the second action. SeeHughes v. Budny, Superior Court, judicial district of Litchfield, Docket No. 070449 (November 18, 1996, Pickett, J.); Parsons v.The Connecticut Light and Power Co. Superior Court, judicial district of Litchfield, Docket No. 066077 (January 25, 1995, Pickett, J.); Tedford v. 1718 Boston Post Road Ltd., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036383 (January 14, 1993, Curran, J.) (8 C.S.C.R. 250). Therefore, since the defendant is no longer a party to the prior action that the defendant uses to support his motion, the prior pending action doctrine does not apply.
The defendant contends that the plaintiff's action against the defendant in his official capacity is essentially the same as suing Heritage Bank, therefore the parties are essentially the same in the prior action still pending against the bank as in the present action. A recent superior court decision, WillowSprings Property Group v. Cherney, Superior Court, judicial district of Danbury, Docket No. 327777 (October 8, 1997, Leheney, J.), addressed the application of the prior pending action doctrine in a similar context. In Willow Springs, the plaintiff, Willow Springs Property Group, brought an action against three officers and members of the board of directors of the Willow Springs Condominium Association in their roles as officers and directors of the association. The plaintiff's complaint alleged that the defendants engaged in a malicious and wanton disregard of the plaintiff's rights and conspired to injure the plaintiff's rights. The plaintiff had filed a previous complaint against the Willow Springs Condominium Association, itself, alleging similar claims as were raised against the directors in Willow Springs.
The defendants moved for dismissal based upon the prior pending action doctrine and the court granted the motion finding that the CT Page 10785 two actions shared the same character, the same parties and same goals.
The Willow Springs court found that the individual defendants were not a different entity from the condominium association. The court cited Medgansis v. Bridgeport Roman Catholic Diocesan
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335983 (April 17, 1997, Hartmere, J. ), for the proposition that employees of a corporation acting in the scope of their employment cannot conspire with one another or with the corporation that employs them, and that simply joining corporate officers as defendants in their individual capacities is not enough to make the persons separate from the corporation. A recognized exception to this general rule requires that the plaintiff allege that the agent of the corporation has an independent stake in achieving the illegal objective. In WillowSprings, the plaintiff failed to make an allegation of an independent stake. Therefore, the court held that the corporate officers were not separate entities from the corporation. WillowSprings Property Group v. Cherney, supra, Superior Court, Docket No. 327777.
The facts in the present case are distinguishable from WillowSprings. The defendants in Willow Springs were also directors on the board of the condominium association and not merely officers of the corporation. While an officer of a corporation is not liable for a tort committed by the corporation merely because he holds that position, he can be held liable if he actually participates in the commission of the tort, even if done in his official capacity. Arrow Line, Inc. v. Madison Avenue Limousine,Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 354110 (August 3, 1989, Thompson, J.), Citing Scribner v. O'Brien, Inc., 169 Conn. 389, 363 A.2d 160
(1975); see also United Technologies Corp. v. Turbine Kinetics,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 548324 (February 24, 1998, Aurigema, J.);Norwalk Marine Contractor v. UVA Construction Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148338 (July 29, 1996, Arnold, J.); Yacht Center LLC v.Harbor Plaza Association, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143912 (March 28, 1996, Ryan, J.). This line of cases follows the rule that an officer may be held liable regardless of the corporation's liability. The defendant's contention, in the present case, that the parties are virtually the same is incorrect. The defendant may be found CT Page 10786 liable for his participation in the alleged tort due to his authorizing the seizure of the assets of the Video World, regardless of the liability of Heritage Bank. Therefore, the parties to the two actions in question are not virtually identical since Heritage Bank and the defendant may be found independently liable to the plaintiff.
The defendant also moves to dismiss on the grounds of insufficient service of process. The complaint names the defendant in his official capacity and alleges that the defendant was employed with Heritage Bank at the time when the cause of action arose. The defendant apparently authorized Heritage Bank's actions as shown in Exhibit C of the complaint and Exhibit D of the plaintiff's opposing memorandum. Based upon a review of the complaint, the defendant's assertions regarding the ambiguity in the pleadings and improper designation are without merit. Although the pleadings reference the defendant as "the defendant and/or Heritage Bank," it is clear that the plaintiff has alleged adequate facts to demonstrate that the defendant is being sued in his official capacity as an officer of Heritage Bank and was the officer who authorized the seizure of the Video World assets. Because the defendant is being sued in his official capacity, the defendant's assertion regarding insufficient service as to the defendant's individual capacity is without merit.[2] The summons names the defendant, Thomas Foster, and states he is being sued in his official capacity. (Sheriff's Return.) The defendant's motion to dismiss is denied, because the defendant's grounds for contesting the court's jurisdiction over this matter lack legal merit.
John W. Moran, Judge