[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #101
This is a petition filed by the maternal grandmother, Rose Mary Stanton, against the custodial father of her grandson, presumably under C.G.S. § 46b-59 seeking visitation privileges with her grandson Michael Varrone. The defendant has filed this Motion to Dismiss under a "prior pending action" theory claiming the court lack subject matter jurisdiction.
There is pending in this court an action for dissolution brought by the defendant in this Judicial District, Angelo Varrone against his wife Debra Ann Varrone. (Docket No. FA 97 0138729). In the dissolution action although the grandmother petitioner is not a party, she has filed an appearance and has made a Motion to Intervene, dated September 2, 1999 (#145) in order to obtain visitation privileges under General Statutes § 46-59. That motion has not yet been acted upon.
The defendant, in this case argues that these action are virtually alike and therefore should be subject to dismissal under the prior pending action doctrine. If the court permits the petitioner to intervene in that action there will be a strict identity of parties and issues. Conti v. Murphy,23 Conn. App. 174, 178-179, 579 A.2d 576 (1990). The petitioner, in this action, has chosen to seek to intervene in the dissolution action, Varrone v. Varrone, Superior Court, judicial district of Waterbury, Docket No. FA 97 0138729. There is no indication that CT Page 14918 her Motion to Intervene has been withdrawn, nor has she sought to withdraw her appearance. This court can not permit two petitions seeking the same relief between the same parties to exist in separate actions simultaneously. The petition in this case dated September 24, 1999 post-dates the application in the dissolution action, and therefore, should be dismissed.
The Motion to Dismiss is granted.
PELLEGRINO, J.