[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103) AND PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (#109) AND PLAINTIFF'S MOTION TO AMEND RETURN DATE (#108)
CT Page 9881
I. Factual and Procedural Background:
On May 4, 2000, the plaintiff, Greta Drennan, filed a complaint dated April 19, 2000 against the defendant, Tradewinds Group, Inc. ("Tradewinds") in connection with her knee replacement surgery.
Briefly, the following facts have been alleged: On or about April 21, 1997, Geist performed knee replacement surgery on Drennan at Middlesex Hospital placing a polyethylene tibial insert in her knee. On or about April 22, 1997 or April 23, 1997, Geist was informed by Tradewinds that the wrong insert was used during the surgery. On or about April 24, 1997, Drennan underwent another surgery wherein Geist exchanged the polyethylene tibial insert in her knee. As a result, Drennan claims that she sustained permanent and disabling injuries. Tradewinds was engaged in the wholesaling, distribution and/or retailing of polyethylene tibial inserts.
On June 22, 2000, Tradewinds filed a motion to dismiss, memorandum of law, and supporting documents, arguing that this court lacks jurisdiction because there was, and is now, another action pending in the Superior Court, Judicial District of Middlesex at Middletown, Drennan v. Geist, et al., Docket No. CV 99-089114 between the same parties involving the same issue as that alleged in this compliant dated April 19, 1999. On July 10, 2000, Drennan filed an opposition to the motion to dismiss. Also on July 10, 2000, Tradewinds filed a motion to amend the return date on the April 19, 2000 complaint.
II. Standard of Review:
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31. The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264 (1985). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Id., 652 n. 4.
III. Discussion:
CT Page 9882
Tradewinds filed a motion to dismiss arguing that this court lacks jurisdiction because there was, and is now, another action pending in the Superior Court, Judicial District of Middlesex at Middletown, Docket No. CV 99-089114 between the same parties involving the same issue as that alleged in this compliant dated April 19, 2000.
"We have explicated the prior pending action doctrine as follows: The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. We must examine the pleadings to ascertain whether the actions are virtually alike." (Citations omitted; internal quotation marks omitted.) Halpern v. Board of Education, 196 Conn. 647, 652-53,495 A.2d 264 (1985). "[A]nd whether they are brought to adjudicate the same underlying rights." (Internal quotation marks omitted.) CumberlandFarms, Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). "The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues; or where there is not a strict identity of the parties." (Citations omitted.) Conti v. Murphy,23 Conn. App. 174, 178, 579 A.2d 576 (1990).
At this time, there is a prior pending action between the same parties. On this same day, August 28, 2000, the Superior Court for the Judicial District of Middlesex at Middletown granted Drennan's Ex-Parte Motion To Cite In Additional Party Defendant, Tradewinds, in Drennan v.Geist, et al., Docket No. CV 99-089114.
In addition, the court is satisfied that the amended complaint in that action, dated April 18, 2000, Count Twelve, as to Tradewinds, alleges the same issue as that alleged in the complaint here, dated April 19, 2000, as to Tradewinds. Although the allegations are not exactly identical, the same claim is alleged — product liability. "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes § 52-572n(a). A "product liability claim" is defined as "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." General Statutes § 52-572m
(b). Such a claim "shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; CT Page 9883 breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." General Statutes § 52-572m (b). The allegations in both complaints state product liability claims.
In addition, the prayers for relief are identical. "This court can not permit two petitions seeking the same relief between the same parties to exist in separate actions simultaneously." Stanton v. Varrone, Superior Court, judicial district of Waterbury, Docket No. 901552 (November 24, 1999, Pellegrino, J.). Both prayers request damages pursuant to General Statutes §§ 52-240a and 52-240b, which allow for attorney's fees and punitive damages, respectively, in product liability actions. "[I]t is necessary . . . to analyze the prayers for relief in these two complaints in order to ascertain the "ends or objects' of these two actions."Halpern v. Board of Education, supra, 196 Conn. 653. The court finds that there would be no reason to pray for these types of damages absent a product liability action. Also, the court notes that in Drennan's opposition, there is no mention that the complaint here, dated April 19, 2000, is something other than a product liability action.
Accordingly, the court finds that the motion to dismiss should be granted.
IV. Conclusion:
For the reasons herein stated, the Motion To Dismiss is granted; Plaintiff's Memorandum of Law In Opposition To Defendant's Motion To Dismiss is overruled; and Plaintiff's Motion To Amend Return Date is denied.
It is so ordered.
By the court
 Arena, J.