[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendants St. Francis Hospital and Medical Center (St. Francis), Cheryl Lorette, Star Med Staffing, Ltd., Star Med Staffing L.P., Star Med Staffing, LLP, and Star Med Health Personnel, Inc., move for summary judgment on the grounds of the prior pending action doctrine and the statute of limitations. For the reasons stated below, the court grants the summary judgment motions.
BACKGROUND
The court finds that the material, undisputed facts are as follows. The plaintiff is Curtis Strickland, the administrator of the estate of Mary Strickland. On or about August 27, 1997, the plaintiff filed a wrongful death/medical malpractice suit in superior court, captioned Stricklandv. St. Francis, No. CV 97-0573194 S (Strickland I), against St. Francis, Cheryl Lorette, and Star Med Staffing, Ltd. The complaint alleges that the date of the negligence and death was February 24, 1996. CT Page 7617
On June 18, 1999, the court dismissed Strickland I due to dormancy. On June 13, 2000, the court granted a motion to reopen the judgment of dismissal. However, the clerk did not send out notice of this decision until December 18, 2000. Strickland I remains pending on the trial list.
In the meantime, the plaintiff, on June 19, 2000, filed the present suit (Strickland II). The return date is July 18, 2000. The present suit adds defendants Star Med Staffing L.P., Star Med Staffing, LLP, and Star Med Health Personnel, Inc., but otherwise makes the same allegations asStrickland I.
DISCUSSION
 I. A.
The initial issue is whether the prior pending action doctrine can be raised on summary judgment. Neither the Supreme Court nor the Appellate Court has explicitly prohibited the use of a summary judgment motion as a vehicle to raise the prior pending action doctrine. Cf. Conti v. Murphy,23 Conn. App. 174, 177-78, 579 A.2d 576 (1990) (doctrine can be raised by motion to dismiss and need not be raised by motion to strike). To be sure, the Supreme Court has stated in a prior pending action doctrine case that "the motion to dismiss was the proper device by which to request that the trial court dismiss the second action." Halpern v. Boardof Education, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). The Court at the same time recognized that "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court." Id. Thus, the prior pending action doctrine does not squarely fit within the traditional province of the motion to dismiss.
The prior pending action doctrine is similar in nature to collateral estoppel and res judicata in that all these rules address the effect of a prior similar action. The Supreme Court has held that summary judgment is the appropriate means of raising collateral estoppel and res judicata because they "may be dispositive of a claim." Jackson v. R. G. Whipple,Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). Logically, when a subsequent action duplicates a prior pending action, the defendant should have the same entitlement to summary judgment as when, under collateral estoppel or res judicata, the prior action is final.
An additional factor exists in this case. The deadline for filing a motion to dismiss in Strickland II was thirty days after the return day, or August 18, 2000. See Practice Book §§ 10-6 and 10-8. The defendants could not have filed a motion to dismiss alleging a prior pending action CT Page 7618 by this date because they did not receive notice that the court had revived Strickland I until after December 18, 2000. A summary judgment motion was the only reasonable means of preventing two trials of the same matter at that point.[1] The court accordingly holds that the defendants in this case can raise the prior pending action doctrine by way of a summary judgment motion.
 B.
The plaintiff does not dispute that the suits are "virtually alike, and in the same jurisdiction." (Internal quotation marks omitted). Halpernv. Board of Education, supra, 196 Conn. 652-53.[2] The plaintiff instead relies on the discretionary nature of the prior pending action doctrine, id., to argue that the present suit is necessary in the event of an appellate reversal of the granting of the motion to open the dismissal in Strickland I.
The court does not accept this argument. The plaintiff's remedy is vigorously to defend the trial court's ruling in Strickland I, not to burden the courts and the defendants with a second, identical lawsuit. Surely a plaintiff cannot file a second lawsuit every time a trial court's favorable ruling on the first lawsuit may seem vulnerable on appeal. The plaintiff is entitled to his day in court, but not two days. The court accordingly grants the summary judgment motions based on the prior pending action doctrine.
 II.
The defendants also argue that the statute of limitations bars the present action. General Statutes § 52-555, the wrongful death statute of limitations, provides that such an action shall be brought "within two years of the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of." Since both the death and the acts or omissions complained of in this case occurred on February 24, 1996, the statute of limitations required filing of suit by February 24, 1998. The present action, brought in June 2000, obviously did not commence within this limitation period.
The plaintiff counters that the case falls under General Statutes § 52-592, the accidental failure of suit statute. This statute provides for an additional one year period to "commence a new action . . . for the same cause" if a prior action "has failed one or more times to be tried on its merits . . . for any matter of form." The plaintiff concedes, however, that the statute of limitations bars the action against defendants Star Med Staffing L.P., Star Med Staffing, LLP, and Star Med Health Personnel, Inc., because they were not CT Page 7619 defendants in Strickland I. See note 1 supra.
The accidental failure of suit statute does not apply to the remaining defendants for the simple reason that, ultimately, Strickland I has not failed. It is still a pending suit. Had the plaintiff opted against attempting to reopen Strickland I, there would be a valid argument that the first suit "failed . . . for a matter of form." General Statutes § 52-592. See Ruddock v. Burrowes, 243 Conn. 569, 576-78, 706 A.2d 967
(1998). But the plaintiff chose instead to attempt to revive the first suit and was successful doing so. Having chosen that option, the plaintiff cannot now claim that the first suit has failed.
CONCLUSION
For the foregoing reasons, this court grants the motions for summary judgment.
It is so ordered.
CARL J. SCHUMAN JUDGE, SUPERIOR COURT