WALFRID LUNDBORG *v.* GEORGE V. LAWLER ET AL.
(AC 19426)

Foti, Flynn and Peters, Js.

Argued February 22—officially released May 15, 2001

*Christopher M. Reeves*, for the appellant (plaintiff).

*Patty G. Swan*, for the appellee (defendant Jeffrey L. Crown).

*Opinion*

PETERS, J. Pursuant to General Statutes § 51-164s, the Superior Court is authorized to hear all cases *except* those over which the probate courts have original jurisdiction.[1] The principal issue in this case is whether

---

[1] General Statutes § 51-164s provides: "Superior Court sole trial court. Jurisdiction transferred from Court of Common Pleas and Juvenile Court. The Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. All jurisdiction heretofore conferred upon and exercised by the Court of Common Pleas and the Juvenile Court prior to July 1, 1978 shall be transferred to the Superior Court on July 1, 1978."

claims of fraudulent misrepresentation were sufficiently raised in the Probate Court to preclude their relitigation in the Superior Court sitting as a court of general jurisdiction. The trial court, concluding that it lacked subject matter jurisdiction to proceed, granted a motion to dismiss and rendered judgment in favor of the party resisting relitigation. We agree.

## PROCEDURAL HISTORY

This case had its origin in a decree of the Probate Court for the district of Farmington with respect to the estate of Helen L. Lundborg. That decree overruled the objection of the plaintiff, Walfrid Lundborg, to certain distributions proposed in the final accounting for the estate. The plaintiff participated in the probate proceedings as an heir at law, a designated beneficiary and the residual beneficiary of the will of Helen L. Lundborg.

The plaintiff sought and was granted the right to pursue a probate appeal from the probate decree. In that appeal, he invoked the jurisdiction of the Superior Court sitting as a Probate Court. "An appeal from probate is not so much an 'appeal' as a trial de novo with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations. . . . Although the Superior Court may not consider events transpiring after the Probate Court hearing . . . it may receive evidence that could have been offered in the Probate Court, whether or not it actually was offered." (Citations omitted.) *Gardner* v. *Balboni*, 218 Conn. 220, 225, 588 A.2d 634 (1991).

In the probate appeal, the plaintiff alleged that the defendant George V. Lawler, the executor under the will, and the defendant Jeffrey L. Crown, attorney for the executor, were fiduciaries who had made fraudulent misrepresentations to the Probate Court and to the Connecticut department of revenue services in connection with the Probate Court's administration of the

Helen L. Lundborg estate. The plaintiff further alleged that, as a result of the defendants' misrepresentations, the Probate Court had distributed assets improperly and had permitted the wrongful sale of residential assets of the estate. The plaintiff sought pecuniary compensation as well as rectification of the probate decree. The probate appeal was dismissed, without a hearing on its merits, because of a procedural omission that the plaintiff concededly did not correct.[2]

Thereafter, the plaintiff again invoked the jurisdiction of the Superior Court, sitting as a court of general jurisdiction, by filing the complaint that is presently before us. Alleging that the probate decree was invalid because its findings derived from misrepresentations made by the defendants to that court, the plaintiff sought to recover both compensatory and punitive damages. Crown filed a motion to dismiss the complaint for lack of subject matter jurisdiction. According to Crown, the court lacked such jurisdiction because the complaint's allegations of misconduct had been finally adjudicated in the prior probate proceedings. Agreeing with Crown, the court granted this motion and rendered judgment in his favor.[3]

In the plaintiff's appeal from this judgment, he has raised two issues. First, he maintains that he is entitled to proceed in a court of general jurisdiction because the present action is not essentially identical to the prior probate proceedings. Second, he maintains that the court was obligated to permit a collateral attack on a probate decree that raised an issue of fraud on the Probate Court.

---

[2] The plaintiff failed to provide a return date in his motion for appeal from the Probate Court. Pursuant to General Statutes § 45a-189, he had ninety days to correct this defect.

[3] The record does not reveal the current status of the plaintiff's action against Lawler.

There is no disagreement about the scope of appellate review of a trial court's judgment granting a motion to dismiss. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B.* v. *Ment,* 244 Conn. 296, 308, 709 A.2d 1089 (1998). Because an issue concerning a trial court's subject matter jurisdiction is a question of law, our review is plenary. *Lawrence Brunoli, Inc.* v. *Branford,* 247 Conn. 407, 410, 722 A.2d 271 (1999); *Tooley* v. *Metro-North Commuter Railroad Co.,* 58 Conn. App. 485, 491, 755 A.2d 270 (2000). Our plenary review of the arguments proffered by the plaintiff persuades us that he cannot prevail.

I

The plaintiff maintains that the court's decision to grant Crown's motion to dismiss was improper because the court improperly concluded that the claims made in the probate appeal proceedings were essentially identical to those made in the judicial appeal proceedings.[4] The plaintiff argues that (1) the substantive issues raised are not identical, (2) inclusion of Crown as an additional defendant demonstrates a lack of identity and (3) remedial relief by way of damages, which he sought in this case, could not have been awarded in the probate proceedings. The court ruled to the contrary with respect to the first two issues.

The court compared the substantive issues raised in the judicial complaint and in the probate appeal.[5] The

[4] We shall, hereafter, refer to the probate appeal, which was dismissed for failure to provide a return date, simply as the probate appeal and to the appeal from the court's granting of Crown's motion to dismiss as the judicial appeal.

[5] Although the plaintiff complains that the Probate Court's decree refers only indirectly, by dint of the final accounting, to his claims of fiduciary misconduct, each of the issues now contested by the plaintiff was fully described in the probate appeal, which the plaintiff permitted to lapse.

court concluded that they addressed the same alleged misconduct by the same individuals with respect to the same estate. We agree.

Examination of the relevant documents confirms the court's conclusion because, in each forum, the plaintiff has alleged that the defendants made fraudulent misrepresentations to the Probate Court and the Connecticut department of revenue services in connection with the Probate Court's administration of the Helen L. Lundborg estate. The plaintiff has not identified any significant substantive discrepancies between the issues in the two proceedings.

The court also concluded that the addition of Crown as a party defendant did not destroy the essential identity between the two proceedings. We agree.

Crown was not a stranger to the probate proceedings. The record discloses, and the plaintiff does not contest, that Crown played an active role in the probate litigation. Indeed, the Probate Court expressly ruled that Crown had acted in good faith. In the plaintiff's probate appeal, he challenged the conduct of Lawler, as executor, for allegedly having made untruthful statements "through his attorney," Crown.

Our Supreme Court has analyzed claims of lack of identity with respect to issue preclusion, or collateral estoppel, by reference to the concept of privity. "In determining whether privity exists, we employ an analysis that focuses on the functional relationships of the parties. Privity is not established by the mere fact that persons may be interested in the same question or in proving or disproving the same set of facts. Rather, it is, in essence, a shorthand statement for the principle that collateral estoppel should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 814, 695 A.2d 1010 (1997).

On the present record, we agree with the court's conclusion that there was the requisite identity between the parties. On appeal, the plaintiff has not briefed any basis for his assertion that, on their face, the probate appeal and the judicial appeal raised substantively distinct claims of error in the probate decree. He asserts that reargument of these claims is warranted because "Crown was not a party to the probate appeal." He cites no authority for this proposition. He does not discuss why a lawyer representing a client automatically should be held to have an independent interest in the litigation. Without adequate briefing by the plaintiff, we need go no further.[6] See Practice Book § 61-10; *State* v. *Ramos*, 36 Conn. App. 831, 839, 661 A.2d 606, cert. denied, 235 Conn. 902, 665 A.2d 905 (1995).

The plaintiff further argues that the probate proceedings are not essentially identical to the judicial proceedings because he now claims a right to recover damages. It is true, as a general matter, that a "court of probate is unable to award damages." *Palmer* v. *Hartford National Bank & Trust Co.*, 160 Conn. 415, 430, 279 A.2d 726 (1971); *Phillips* v. *Moeller*, 147 Conn. 482, 488–89, 163 A.2d 95 (1960). We decline to address this argument, however, because it was not properly preserved at trial. See *Santopietro* v. *New Haven*, 239 Conn. 207, 219–20, 682 A.2d 106 (1996). It was not raised in the plaintiff's memorandum in opposition to the motion to dismiss. It was not raised, as far as we can tell, anywhere else in the court record. It was not discussed in the court's memorandum of decision, and the plaintiff filed no motion for articulation. See Practice Book § 66-5.

---

[6] In his reply brief, the plaintiff contends that there is a lack of identity between the probate proceeding and the judicial proceeding because he did not have a full opportunity to present evidence in the Probate Court. He does not explain, however, why a claim of evidentiary error could not have been presented in the probate appeal.

We conclude that the plaintiff has failed to demonstrate any legally significant distinction between the arguments that he proffered in his probate appeal and those that he now offers in his judicial appeal. In both fora, he has challenged the propriety of allegedly false representations made by the defendants during the administration of the estate of Helen L. Lundborg. There is, therefore, the essential identity between his prior and present claims that warrants dismissal of the present claim on the ground of collateral estoppel. Unless he can succeed on his alternate claim of fraud, General Statutes § 51-164s; see footnote 1; is both applicable and dispositive.

## II

The plaintiff's claim of fraud, as argued in this court, relies heavily on General Statutes § 45a-24,[7] a statute that the trial court did not address in its memorandum of decision. Indeed, the complaint contains no reference to the statute. The record suggests that the plaintiff never cited the statute to the court. The record equally suggests that the plaintiff never raised, at trial, a separate claim focusing on the jurisdictional implications of a claim of fraud apart from its relevance to a determination of essential identity between probate and judicial proceedings. In any event, there was again no motion for articulation to clarify the record.

As we understand it, the plaintiff argues that any allegation of fraud in Probate Court proceedings confers jurisdiction on the Superior Court sitting as a court of general jurisdiction. He claims that such jurisdictional authority exists no matter how thoroughly the

[7] General Statutes § 45a-24 provides: "Every order, judgment or decree of a court of probate made by a judge who is disqualified shall be valid unless an appeal is taken as hereinafter specified. All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."

fraud was explored, or could have been explored, in prior probate proceedings. In other words, any allegation of fraud acts as an "open sesame" to permit the reopening of any probate decree. If that were an accurate statement of law, any litigant disappointed by an adverse Probate Court ruling disallowing a claim of fraudulent misrepresentation would automatically have two independent rights of appeal, one to the Superior Court sitting in probate and one to the Superior Court exercising its normal judicial role. The merits of the plaintiff's position are far from self-evident.

We need not resolve, however, the plaintiff's claim on the merits because the plaintiff has not explained why this claim is appropriate for appellate review. He does not address the well established rule that, in the absence of exceptional circumstances, our appellate courts do not consider issues of law that were not presented first to the trial court.[8] See Practice Book § 60-5; see, e.g., *Lopiano* v. *Lopiano*, 247 Conn. 356, 372–73, 752 A.2d 1000 (1998). We can discern no exceptional circumstances in this case. The sole case on which the plaintiff relies for his claim of subject matter jurisdiction on the ground of fraud on the Probate Court is *Conti* v. *Murphy*, 23 Conn. App. 174, 177, 579 A.2d 576 (1990). That case is distinguishable.[9] We therefore decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The plaintiff has not sought plain error review.

[9] In *Conti,* judicial proceedings were initiated by plaintiffs who had not participated in the underlying probate proceedings. Those proceedings had no jurisdictional flaw. The claim of fraud was raised by way of a counterclaim, which this court permitted to go forward, to challenge probate proceedings that had not been definitively resolved. Principally, we relied on a lack of identity between the litigants in the probate proceedings and the litigants in the judicial proceedings. *Conti* v. *Murphy,* supra, 23 Conn. App. 179. That is not this case.