[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant is the administratrix, d.b.n., c.t.a, of the estate of Helen A. Benny and moves for summary judgment in these five appeals from probate filed by the plaintiffs, Rosalie and Paul Zanoni.[1] The bases CT Page 578 for these motions are the doctrines of res judicata and collateral estoppel.
Summary Judgment shall be granted if the pleadings and documentary proof submitted demonstrate that no genuine dispute regarding material facts exists and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49.
In X07-CV94-0076994S, the plaintiffs appeal from a January 11, 1994, order of the Newington Probate Court authorizing and directing the sale of two parcels of land and requiring the plaintiffs to permit access to the properties to facilitate the sales.
In X07-CV94-0076985S, the plaintiffs appeal from a December 8, 1993, order of that Probate Court to the same effect.
In X07-CV97-0077000S, the plaintiffs appeal from a May 23, 1995, order of the Probate Court approving a contract for the sale of one of the parcels, located at 21 Brightwater Road, Old Lyme, and authorizing certain expenditures related to the prospective sale.
In X07-CV98-0076746S, the plaintiffs appeal from a September 21, 1998, order of the Probate Court again authorizing sale of that parcel.
In X07-CV97-0077240S, the plaintiffs appeal from a July 14, 1997, order of the Probate Court that authorized the sale by public auction of the properties and the procurement of liability insurance for the properties.
On April 8, 1997, the court (Berger, J.) abated all proceedings currently pending in the superior court regarding this estate. This court lifted that stay on December 10, 2001.
The purported basis for these appeals is identical, viz, that these parcels were specifically devised to Rosalie Zanoni by Helen Benny in her will and that General Statutes § 45a-428, which permits the probate Court to order the sale of such real property if the estate is insolvent, is inapplicable.
Having learned that other appeals from the orders of the Probate Court regarding this issue were adjudicated by the Superior Court in the past, the court raised the specter of res judicata and collateral estoppel with the parties at a status conference, even though the defendant never filed a special defense regarding these issues. Res judicata may be considered by the court, sua sponte. Honan v. Dimyan, 63 Conn. App. 702, 706
(2001); Legassey v. Shulansky, 28 Conn. App. 653, 654 (1992). Prompted by the court's concerns as to this question, the defendant filed these CT Page 579 motions for summary judgment.
"The doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality." Gladysz v. Planning and Zoning Commission,256 Conn. 249, 260 (2001). Where an issue of ultimate facts has once been determined by a valid and final judgment, that issue cannot be relitigated between the parties, Id.
The doctrines of res judicata and collateral estoppel apply to probate matters. Nikituck v. Pishtey, 153 Conn. 545, 551 (1966); Willis v.Keenan, 144 Conn. 33, 51 (1956); Lundborg v. Lawler, 63 Conn. App. 451,456 (2001).
In Zanoni v. Lynch, Superior Court, Hartford J.D., CV-95-546 174 (October 27, 1995), Hennessey, J., the same plaintiffs raised the same claim that no Probate Court could authorize the sale of these parcels because they were specifically devised by the will of Helen Benny to Rosalie Zanoni and title to them vested in Rosalie Zanoni upon Benny's death, § 45a-428 notwithstanding. Judge Hennessey rejected these claims and granted the administratrix's motion for summary judgment holding that the estate was indisputably insolvent and that § 45a-428
confers the authority to sell specifically devised real estate under that circumstance to satisfy the debts of the estate and deceased. No dispute exists as to the fact that the plaintiffs never appealed that adverse decision.
The doctrines of res judicata and collateral estoppel arise from decisions made by way of summary judgment. Villager Ford, Inc. v.Darien, 54 Conn. App. 178, 183 (1999); Daoust v. McWilliams,49 Conn. App. 715, 726-727 (1998). As noted above, the present controversies are grounded on the same claims of the plaintiffs which were defeated in Zanoni v. Lynch, supra. Judge Hennessey's rulings regarding the insolvency of the estate, the applicability of § 45a-428, and propriety of the sale authorized thereunder collaterally estop the plaintiffs from raising these claims in the present probate appeals. The administratrix is entitled to judgment as a matter of law.
Summary judgment is granted in favor of the defendant in these cases.
Sferrazza, J.