[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum addresses three sets of motions for summary judgment pertaining to appeals from probate court orders filed by Rosalie and Paul Zanoni and Patricia Cross concerning the administration of the estate of Helen A. Benny, who died on August 7, 1989.
The Zanonis have moved for summary judgment as to cases X07-CV94-0076997; X07-CV95-0076998; X07-CV96-0077004; X07-CV97-0076995; and X07-CV98-0076999. The defendants, Karen Lynch, former administratrix, and Keith Gallant, current administrator, d.b.a., c.t.a., of the estate also move for summary judgment as to these five files. The appeals in these five cases are from orders of the Newington Probate Court authorizing the procurement of and payment for liability insurance coverage for two parcels of real estate for terms beginning in 1994, 1995, 1996, 1997, and 1998.
The Zanonis and Cross also appeal, in files X07-CV96-77001 and X07-CV96-77002, respectively, from orders of the probate court CT Page 1862 authorizing the payments of attorney's fees and fiduciary's fees. The defendants move for summary judgment as to these two files also.
Summary judgment shall be granted if the pleadings and documentary proof submitted establishes that no genuine dispute regarding material facts exists and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49.
 I APPEAL FROM INSURANCE COVERAGE ORDERS
Because both the Zanonis and the defendants move for summary judgment as to these five appeals, the court deals with the issues raised by these motions in this section.
A review of the pleadings and documents submitted show that no genuine dispute exists as to the following facts. The Newington Probate Court uttered orders authorizing the administrator to purchase liability insurance coverage for two parcels of land on March 25, 1994; March 27, 1995; March 18, 1996; March 20, 1997; and March 3, 1998. The pleadings indicate that the Zanonis make no attack as to the reasonableness of the cost of such coverage, but rather assail the ability of the probate court to order the procurement of any such insurance coverage. It also appears undisputed that such coverage was, in fact, obtained and paid for by the administrator in compliance with the orders.
 A.
The defendants raise a threshold claim that these appeals are moot because the coverage was obtained and the orders were fulfilled. Because this court cannot undo what has already been accomplished, the defendants argue that this court cannot provide any practical relief and, therefore, these cases ought to be dismissed.
Mootness implicates subject matter jurisdiction. Twichel v. Guite,53 Conn. App. 42, 51 (1999). As a result, the court must address this issue before reaching the merits of the motions for summary judgment. A court cannot decide a case where no actual controversy exists or where no practical relief can flow from its decision. Sobocinski v. Freedom ofInformation Commission, 213 Conn. 126, 135 (1989). The court concurs that no practical relief can be provided in these five appeals.
In an appeal from probate proceedings, the superior court conducts a trial de novo, sitting as a probate court. Yale-New Haven Hospital, Inc.v. Jacobs, 64 Conn. App. 15, 18 (2001). With respect to the present CT Page 1863 appeals, this court would be deciding whether to authorize insurance coverage for the two parcels of land for years which have long passed and for which coverage was already purchased and provided.
However, appeals may be heard despite the absence of the opportunity to prove practical relief if the issue raised is capable of repetition but evades review. In Re Jeffrey, 64 Conn. App. 55, 65 (2001). As has occurred in this case, the probate court typically issues orders authorizing the purchase of insurance coverage for the parcels annually. Before an appeal from such orders can be reached for trial de novo in the superior court, the time period to which such coverage applies expires. The court rules that despite the inability of this court to provide practical relief, the court retains subject matter jurisdiction because such orders are not only capable, but are likely of repetition and evading review. Orsi v. Senatore, 31 Conn. App. 400, 425 (1993).
 B.
Turning to the substance of the cross-motions for summary judgment regarding these five appeals, the Zanonis offer in their complaints two grounds which they contend militate against the authorizing of the obtaining of insurance coverage for the two pieces of real property. First, they argue that because the real estate was specifically devised to Rosalie Zanoni in Benny's will, the estate has no insurable interest. Second, the Zanonis contend that the money to pay the premiums stems from a $16,500 deposit to purchase land given by Rosalie Zanoni to the conservator of Benny's estate when she was still alive and ought not be considered an asset of her estate. The conservator transferred these funds to the representative of Benny's estate after her death. The Zanonis claim that because the $16,500 is not an asset of the estate, recourse to this money to pay insurance premiums is improper.
The defendants counter that the principles of res judicata and collateral estoppel bar the Zanonis from asserting these grounds. The court agrees.
"The doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy; the stability of former judgments and finality." Gladysz v. Planning and Zoning Commission,256 Conn. 249, 260 (2001). Where an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be relitigated between the parties. Id. The doctrines of res judicata and collateral estoppel apply to probate matters. Nikituck v. Pishtey,153 Conn. 545, 551 (1966); Willis v. Keenan, 144 Conn. 33, 51 (1956);Lundborg v. Lawler, 63 Conn. App. 451, 456 (2001). CT Page 1864
In Zanoni v. Lynch, Superior Court, Hartford J.D., CV95-546174 (October 27, 1995), Hennessey, J., the same plaintiffs raised the claim that no probate court could authorize the sale of these same parcels because they were specifically devised in Benny's will to Rosalie Zanoni and title to the properties vested in Rosalie Zanoni upon Benny's death. Judge Hennessey rejected the claim that title vested in Rosalie Zanoni and granted the administratrix's motion for summary judgment holding that the estate was indisputably insolvent and that General Statutes § 45a-428
conferred authority to sell specifically devised real estate to satisfy the debts of the insolvent estate and the deceased.
Res judicata and collateral estoppel can arise from decisions rendered by way of summary judgment. Villager Ford, Inc. v. Darien,54 Conn. App. 178, 183 (1999); Daoust v. McWilliams, 49 Conn. App. 715,726-727 (1998). As noted above, the first ground for the plaintiffs' appeals in these five cases is rooted in the same claim which was defeated in Zanoni v. Lynch, supra. Judge Hennessey's rulings regarding the insolvency of the estate, the applicability of § 45a-428, and the retention of these parcels as estate assets available to pay estate debts collaterally estop the plaintiffs from raising the absence of insurable interest based on title resting in Rosalie Zanoni.
 C.
As to utilizing the $16,500 paid to Benny's conservator as a deposit to purchase one of the properties which was transferred to the estate of Benny upon her death, earlier litigation has also resolved the issue of whether the funds were an asset of the estate against Rosalie Zanoni. InZanoni v. Hudon, Superior Court, Hartford J.D., CV91-391234 (August 24, 1994), Corradino, J., Rosalie Zanoni sued the former conservator of Benny's estate for breach of contact, unjust enrichment, and conversion and the administrator of the estate seeking a declaratory judgment that the $16,500 was not an asset of the estate.
Essential to Judge Corradino's decision for both defendants in that case was his explicit finding that the $16,500 deposit was the asset of the deceased's estate. Judge Corradino stated he decided ". . . that in fact the downpayment monies are an asset of the estate." Id. Further, "these downpayment monies are assets of the estate and the plaintiff has no claim to these funds." Again he declares, "[t]he court therefore finds that the $16,500 is in fact an asset of the estate." It is this finding on which he bases his decision in favor of the defendants on the unjust enrichment, conversion, and declaratory judgment claims. Judge Corradino holds as much in another probate appeal by these plaintiffs, Zanoni v.Lynch, Superior Court, Hartford J.D., CV94-536975, where he reiterates "[a]s to the $16,500 deposit monies, this court in CV91-391234 . . . has CT Page 1865 ruled that the money is an asset of the estate."
The Zanonis appealed Judge Corradino's decision in CV91-391234. seeZanoni v. Hudon, 48 Conn. App. 32 (1998). In that appeal, the Zanonis acknowledged and alleged as a ground of that appeal that Judge Corradino had found "the $16,500 to be an asset of the estate." Id. at 38. The Appellate Court affirmed the decision and noted "[u]pon the death of his ward and the termination of the conservatorship, the [conservator] properly included the money as a part of the final accounting, which the probate court subsequently approved as an asset of the estate." Id. at 40 (emphasis added). Our Supreme Court denied certification for appeal from the decision of the Appellate Court. Zanoni v. Hudon, 244 Conn. 928
(1998).
As a consequence of these previous litigations, the Zanonis are collaterally estopped from continuing to contend that the $16,500 deposit funds are not part of Benny's estate and that the two parcels cannot be retained by the estate to pay the debts of that estate under § 45a-428. Parenthetically, if Rosalie Zanoni is entitled to a refund of her deposit because of breach of the contract to sell the property she can assert that claim against the estate along with any other creditors who may have claims.
Because the only two grounds alleged as bases for declining to authorize the procurement of insurance coverage for the two parcels have previously been litigated and decided against the Zanonis, the defendant is entitled to judgment as a matter of law as to the five appeals denoted as X07-CV94-0076997; X07-CV95-0076998; X07-CV96-0077004; X07-CV97-0076995; and X07-CV98-0076999.
 II APPEAL FROM AUTHORIZATION OF ATTORNEY'S AND FIDUCIARY'S FEES
The court finds that a genuine factual dispute exists as to the reasonableness of the fees. Therefore the defendant's motions for summary judgment in X07-CV96-0077001 and X07-CV96-0077002 is denied.
The plaintiff's motions for summary judgment are denied. The defendant's motions for summary judgment in X07-CV94-0076997; X07-CV95-0076998; X07-CV96-0077004; X07-CV97-0076995; and X07-CV98-0076999 are granted. The defendant's motions for summary judgment in X07-CV96-0077001 and X07-CV96-0077002 are denied.
Sferrazza, J. CT Page 1866