**In re Dennis Henry McNAMARA, Debtor.**

**Michael McNamara, Executor of the Estate of Mary McNamara, Plaintiff,**

**v.**

**Tracy Alan Saxe, Trustee, Defendant,**

**v.**

**Dennis Henry McNamara, Third–Party Defendant.**

**Bankruptcy No. 97–22567.**
**Adversary No. 01–02074.**

United States Bankruptcy Court, D. Connecticut.

July 25, 2002.

Joel M. Grafstein, Esq., Farmington, CT, for Plaintiff.

Edwin L. Doernberger, Esq., Saxe, Doernberger & Vita, PC, Hamden, CT, for Defendant.

### MEMORANDUM OF DECISION ON COMPLAINT AND THIRD-PARTY COMPLAINT

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

Michael McNamara, as Executor of the Estate of Mary McNamara ("the plaintiff"), on June 25, 2001, filed a complaint against Tracy Alan Saxe, Trustee of the Estate of Dennis Henry McNamara ("the trustee"), requesting that the trustee turn over to the plaintiff the sum of $13,560.72 as not being property of the debtor's estate. The plaintiff, on the trustee's demand, had previously remitted $14,927.29 to the trustee. After filing an answer denying the plaintiff's entitlement to the money sought, the trustee filed a third-party complaint against Dennis Henry McNamara ("the debtor"), alleging that the debtor's exemption should be subject to any valid claims of the plaintiff asserted against the trustee. The debtor has been defaulted for failure to defend. A hearing on the complaints concluded on May 15, 2002 at which the plaintiff and the trustee testified. Although the debtor was present in court, he declined to offer any testimony or argument.

### II.

### BACKGROUND

The debtor filed a Chapter 7 petition on June 11, 1997. The court closed his case on October 15, 1997, as a no-asset estate. The court reopened the debtor's case upon the trustee's motion alleging that, postpetition and within 180 days of the filing of the petition, the debtor became entitled to acquire or acquired an interest in property due to the death and under the will of his mother, Mary McNamara ("the mother"). *See* Bankruptcy Code § 541(a)(5)(A).[1] The will contained the following pertinent provisions:

> FIRST: I direct my Executor to pay my funeral expenses and just debts ....
>
> SECOND: I give, devise and bequeath to my son, MICHAEL McNAMARA, my real estate located in the State of Maine.
>
> ....
>
> FOURTH: I give and bequeath my personal belongings including jewelry and clothing, and my bedroom set and all of the furniture in the recreation room of my New Britain, Connecticut real estate, to my daughter, BRENDA LESVEQUE.
>
> FIFTH: I give and bequeath all the rest of my household furnishings to my son, DENNIS McNAMARA.
>
> SIXTH: I give, devise and bequeath my real estate located in New Britain, Connecticut, in equal shares, to my children, MICHAEL McNAMARA, BRENDA

---

1. Section 541(a) provides that property of the bankruptcy estate includes:

   (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

   (A) by bequest, devise, or inheritance.

LESVEQUE and DENNIS McNA-MARA. The expenses incident to maintaining said property including, but not limited to, all assessments, mortgage payments, insurance premiums, utilities, taxes and ordinary repairs, shall be the responsibility of and shall be paid for by any of my children residing in said home. In the event none of my children occupy the said dwelling then it is my wish that the house be placed on the market for sale and the proceeds divided equally between my said children.

. . . .

EIGHTH: I appoint my son, MICHAEL McNAMARA, of the Town of Berlin, County of Hartford and State of Connecticut, Executor of this my Last Will and Testament, to serve without bond.

(Ex. 1.)

The property referred to in paragraph Sixth is known as 70 Kennedy Drive, New Britain, Connecticut ("the property"). After the reopening of the debtor's case, the debtor claimed his interest in his mother's estate as exempt. The trustee objected to the claimed exemption, and the objection was consensually resolved in accordance with the following court order submitted by the trustee and entered by the court on April 22, 1999.

### ORDER

1. The debtor's one-third interest in real property at 70 Kennedy Drive, New Britain, Connecticut, inherited from the Estate of Mary McNamara currently being probated in the Probate Court, District of Berlin, shall be apportioned after sale as follows:

(a) the first $5,000.00 to the Estate

(b) the next $10,000.00 to the Debtor

(c) all proceeds above $15,000.00 to the Estate.

2. Debtor shall cooperate in selling the real property at 70 Kennedy Drive, New Britain, Connecticut which is the sole asset of the estate, and the current residence of the debtor.

Both prior and subsequent to the entry of this order, the plaintiff had been corresponding with the trustee concerning problems created by the debtor's continued occupancy of the property. The debtor was neither paying any of the charges referred to in paragraph Sixth of the will nor maintaining the property so that prospective purchasers could view it in an uncluttered condition. The trustee did not enter an appearance on behalf of the debtor's estate in the Berlin Probate Court ("the Probate Court"). He also did not cause to be recorded on the New Britain Land Records a copy or notice of the filing of the debtor's petition. *See* Bankruptcy Code § 549(c) (providing that unless a trustee records a copy or notice of the debtor's petition, post-petition transfers of realty to good-faith purchaser are not avoidable).

The debtor eventually moved from the property, and the plaintiff, after receiving Probate Court approval for the sale, on or about July 7, 2000 conveyed the property to a buyer for the gross sum of $75,000. On September 5, 2000, the Probate Court, after approving the plaintiff's administration account, issued a final order and decree. In this ruling, the Probate Court approved a deduction in the amount of $10,735.72 from the debtor's share of the property proceeds, representing expenses paid by the plaintiff associated with the debtor's occupation of the property before it was sold, and the value of furniture the debtor allegedly improperly removed from the property. In accordance with these deductions, the Probate Court approved a distribution to the debtor of $1,386.57. The plaintiff, having sent $14,927.29 to the

trustee at his demand, seeks return of $13,560.72.

# III.

## ARGUMENTS

### A.

The plaintiff's primary claim is that after the sale of the property each of the three beneficiaries of the mother's will were to receive $14,947.29, subject to the offsets provided by the will which specified that the debtor, as occupant of the property, was to pay the expenses associated with such occupancy. In addition, the plaintiff asserts that the debtor removed furniture to which he was not entitled. The plaintiff contends that the court should order the trustee to return $13,560.72 to the plaintiff since the trustee is bound by the will and cannot end up in a better position than the debtor would have been absent a bankruptcy filing.

### B.

The trustee argues that he is not liable to the plaintiff because the monies that the plaintiff is seeking represent expenses the debtor incurred post-petition. He contends that the bankruptcy estate's one-third interest in the property was distinct from the life estate interest of the debtor and those associated expenses, and therefore, while the debtor may be liable to the plaintiff for those expenses, the trustee is not.

The trustee also asserts that the plaintiff, as the executor of his mother's will, violated his fiduciary duty to the beneficiaries and the trustee by making omissions and misrepresentations to the Probate Court, by failing to properly account for the assets of the estate when he failed to properly inventory the personal property assets of the estate, and failed to account for the Maine property in the inventory. As a result of his breach of fiduciary duty, the trustee argues, the plaintiff should be

prevented from recovering any amount of money from the trustee. The trustee disputes various entries in the administration account filed by the plaintiff with the Probate Court including, *inter alia:* certain professional fees, a tax refund of $1,568.13 received by the plaintiff, the expenses associated with the Maine property, the charge as administrator, and payments to two credit card companies.

Although the trustee suggests that the property may have been improperly sold without the approval of the bankruptcy court, he does not seek a ruling that the bankruptcy stay was violated by the Probate Court's actions. In his brief, he states: "the trustee does not believe that, except for the improper distribution of proceeds by [the plaintiff], the sale should be set aside." (Def.'s Br. at 7–8.)

The trustee, as noted, filed a third-party complaint against the debtor asserting that if the trustee is liable to the plaintiff, the amount owed should be charged against the debtor's $10,000 exemption. The trustee further claims the debtor should be liable to the trustee for the costs associated with defending this action because of the debtor's actions in failing to schedule the inheritance and in stalling the sale of the property.

# IV.

## DISCUSSION

### A.

Although neither party addresses the issue of *res judicata,* such issue may be considered by the court *sua sponte.* See *Legassey v. Shulansky,* 28 Conn.App. 653, 654, 611 A.2d 930 (1992) ("We take judicial notice of the file ... and *sua sponte* hold that the plaintiffs' applications to quash, that gave rise to this appeal, were barred by the doctrine of *res judicata.*"). "Under the doctrine of *res judicata,* a final judgment, when rendered on the

merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." (Emphasis added.) *Mazziotti v. Allstate Ins. Co.,* 240 Conn. 799, 812, 695 A.2d 1010 (1997). "[F]ederal courts [are required] to give preclusive effect to state court judgments whenever the courts of that state would do so." *Bray v. New York Life Ins.,* 851 F.2d 60, 62 (2d Cir.1988). The doctrines of *res judicata* and collateral estoppel apply to probate matters. *Nikitiuk v. Pishtey,* 153 Conn. 545, 551–52, 219 A.2d 225 (1966) ("Since the plaintiffs have not taken an appeal from the [probate court's] 1959 decree, the decree was conclusive as to all relevant matters embraced therein."); *Lundborg v. Lawler,* 63 Conn.App. 451, 456, 776 A.2d 519 (2001) (same). Under a Connecticut statute "[a]ll orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." Conn. Gen. Stat. § 45a–24.

### B.

█ The record in this proceeding establishes that the Probate Court, on September 5, 2000, issued a final order and decree approving the plaintiff's administration account, and ordered the "estate to be distributed, transferred and paid over to and among the distributees ... as set forth in the schedule of proposed distribution of said account ...." (Ex. 6).

█ The issues concerning the debtor's fair share of his mother's estate, including the proper accounting of the decedent's assets, fees associated with the out-of-state property, the off-setting of life estate expenses, the deduction for furniture taken by the debtor, and appropriate executor fees, are all issues, if contested at the hearing, that could have been decided by the Probate Court. The trustee was not a party to the probate proceedings, of which he clearly had actual notice, due to his failure to file an appearance with the Probate Court. His decision not to become a party does not permit him to collaterally attack the Probate Court's order and decree in the bankruptcy court.[2] Further, the debtor was a party in the Probate Court and is a party with whom the trustee was in privity. "[Privity] is, in essence, a shorthand statement for the principle that collateral estoppel [or *res judicata* ] should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." *Mazziotti,* 240 Conn. at 814, 695 A.2d 1010; *cf. Phillips v. Herman F. Heep Trust No. 1 (In re Heep),* No. 94–33189–T, 1997 WL 432123, at *3 (Bankr. E.D.Va. Feb.18, 1997) (concluding that the doctrine of *res judicata* precluded the Chapter 7 trustee from litigating claims resolved in the probate court when the debtor "had the opportunity to dispute the propriety of those claims if she only had appeared at the [probate court] hearing.")

### V.

### CONCLUSIONS

### A.

The Probate Court issued a final order and decree approving the administration

---

**2.** It may well be, as the trustee claims, that the Probate Court's order and decree is flawed in some respects. However, "[t]he fact that a prior judicial determination may be flawed ... is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of *res judicata* preclude it from being collaterally attacked.... [The remedy] is to have it set aside or reversed in the original proceedings." (Internal quotation marks omitted; emphasis added.) *Honan v. Dimyan,* 63 Conn.App. 702, 707, 778 A.2d 989 (2001).

account submitted by the plaintiff. In its order and decree, the Probate Court ordered the distribution of $1,386.57 to the debtor. This court concludes that the Probate Court's order is to be given *res judicata* effect as to any claim concerning the administration of the mother's estate. When the plaintiff, at the request of the trustee, turned over $14,947.29 to the trustee, this was done in error and in disregard of the Probate Court's order. The trustee shall return to the plaintiff $13,560.72, plus interest accrued on such amount.

*B.*

With regard to the trustee's third-party complaint against the debtor, the debtor will not be receiving any exemption and, under the circumstances outlined herein, the court concludes that the trustee is not entitled to a judgment against the debtor, notwithstanding the entry of default for the debtor's failure to defend.