[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On April 8, 1994, Agatha M. Hanley (decedent) executed her last will and testament. She provided for certain bequests and legacies but did not provide for the distribution of the residuary of her estate. The decedent died on June 8, 1999. On September 28, 1999, the Probate Court for the district of Naugatuck admitted the decedent's will to probate and appointed Edward N. Brennan (executor) as executor. The Probate Court approved the executor's distribution of estate assets on or about September 28, 2000, including the distribution of the residuary to the plaintiff, Loretta Brennan, who was found to be the decedent's sole heir at law.[1]
At the time of the decedent's death, she was the owner of several bank accounts at First Union National Bank totaling over $110,000. After the decedent's death but prior to approval of the final accounting, the defendant, Mary King, represented that she was entitled to these accounts because they were joint accounts with rights of survivorship in the name of the decedent and the defendant. These accounts were subsequently not included in the probate estate and the executor distributed them to the defendant as the surviving joint account holder.
On June 7, 2002, the plaintiff commenced the present action by service of process on the defendant. The plaintiff claims that these accounts were not joint and that the defendant placed herself in a fiduciary position to the decedent and fraudulently caused her name to appear on the accounts as a joint holder. The plaintiff further claims that these accounts should have been made part of the decedent's estate and that as the legal heir to the decedent's estate, she is entitled to some or all of the assets. She further claims that the defendant has been unjustly enriched by her fraudulent actions. On August 23, 2002, the defendant filed a motion to dismiss and a memorandum in support asserting that the court lacks subject matter jurisdiction. The plaintiff filed an objection CT Page 477 and a memorandum in support on September 19, 2002.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Blumenthal v. Barnes, 261 Conn. 434, 442, 804 A.2d 152 (2002) "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Ganim v. Smith WessonCorp., 258 Conn. 313, 326, 780 A.2d 98 (2001)
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it.
[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) Id., 52.
In the present case, the defendant argues that the Superior Court lacks jurisdiction over these claims because the plaintiff should have raised its claim as an appeal from the Probate Court within thirty days of the final approval of the distribution of the estate. The defendant argues that if the plaintiff felt she was aggrieved by the distribution of the decedent's estate, she was obligated to appeal the order of the Probate Court. General Statutes § 45a-186 provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court." Any appeal filed "under section 45a-186
. . . shall be taken within thirty days." General Statutes § 45a-187. Thus, the defendant argues that the Superior Court lacks jurisdiction to CT Page 478 hear this cause of action because the estate was settled in 2000 and the thirty day window within which to appeal has closed.
The defendant further argues that this court is without subject matter jurisdiction because the Superior Court acts with special and limited jurisdiction in an appeal from the Probate Court and cannot consider claims not raised during the probate proceeding. "[I]t has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. It tries the questions presented to it as novo, but in so doing it is . . . exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate. . . ." (Internal quotation marks omitted.) Marshall v. Marshall,71 Conn. App. 565, 569, 803 A.2d 919, cert. denied, 261 Conn. 941,808 A.2d 1132 (2002). "In a probate appeal . . . the Superior Court's jurisdiction is statutory and limited to the order appealed from. . . . The appeal brings to the Superior Court only the order appealed from." (Internal quotation marks omitted.) Id., 570. "The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. . . . [T]he court has subject matter jurisdiction limited only to the order or decree appealed from." (Internal quotation marks omitted). Id., 570.
The defendant argues that there is no subject matter jurisdiction because the plaintiff's claims are directly related to the actions of the Probate Court and therefore the plaintiff should have filed a proper appeal within the time allowed by statute. The plaintiff, on the other hand, argues that its claims are not an appeal from the Probate Court and that an action sounding in fraud can be brought at any time in the Superior Court. "[A] final decree of the Probate Court does not prevent the Superior Court from making inquiry into allegations of fraud." Contiv. Murphy, 23 Conn. App. 174, 177, 579 A.2d 576 (1990). General Statutes § 45a-24 provides in relevant part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." Taking the facts alleged in the complaint in a light most favorable to the pleader, the complaint sounds in fraud, making the distribution of the account funds subject to collateral attack.
The defendant does not dispute that allegations of fraud have jurisdiction in the Superior Court. The defendant, however, points to a recent Appellate Court case that states in dicta: "[T]he plaintiff argues that any allegation of fraud in Probate Court proceedings confers jurisdiction on the Superior Court sitting as a court of general CT Page 479 jurisdiction. [The plaintiff] claims that such jurisdictional authority exists no matter how thoroughly the fraud was explored, or could have been explored, in prior probate proceedings. In other words, any allegation of fraud acts as an "open sesame' to permit the reopening of any probate decree. If that were an accurate statement of law, any litigant disappointed by an adverse Probate Court ruling disallowing a claim of fraudulent misrepresentation would automatically have two independent rights of appeal, one to the Superior Court sitting in probate and one to the Superior Court exercising its normal judicial role." Lundborg v. Lawler, 63 Conn. App. 451, 458-59, 776 A.2d 519
(2001). The Appellate Court did not make any findings as to what type of fraud would permit the reopening of a probate decree. The present case is distinguishable because the plaintiff is not appealing a decree of the Probate Court because the assets in the bank account were never made part of the probate estate because the executor determined them to be joint accounts and distributed them outright to the defendant. The plaintiff is instead bringing an entirely separate action for fraud and unjust enrichment regarding a joint bank account.
The defendant's motion to dismiss on the ground that this court lacks subject matter jurisdiction is denied because the plaintiff's complaint sounds in fraud and the cause of action is not an appeal from an order of the Probate Court.
 ___________________, J. DUBAY